FILED
United States Court of Appeals
Tenth Circuit

August 21, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

NICHOLAS
HERNANDEZ-AGUILAR,

Defendant-Appellant.

No. 08-3170
(D.C. No. 5:07-CR-40085-SAC-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **EBEL**, and **HOLMES**, Circuit Judges.

---

Defendant Nicholas Hernandez-Aguilar pleaded guilty to being an illegal

alien who reentered the United States after having been convicted of an

aggravated felony in violation of 8 U.S.C. § 1326(a)(2). His plea agreement

states that he "knowingly and voluntarily waives any right to appeal or

collaterally attack any matter in connection with [his] prosecution, conviction and

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

sentence." R. Vol. I, Doc. 34, Plea Agreement at ¶ 11 (attached as an exhibit to the Motion to Enforce). The agreement further states that "the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court." *Id*. The district court determined that the advisory guidelines range was 70 to 87 months and imposed a sentence of 70 months, at the low end of the range. Defendant filed an appeal from his sentence and the government has moved to enforce defendant's appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. The miscarriage-of-justice prong requires the defendant to show (a) his sentence relied on an impermissible factor such as race; (b) ineffective assistance of counsel in connection with the negotiation of the appeal waiver rendered the waiver invalid; (c) his sentence exceeded the statutory maximum; or (d) his appeal waiver is otherwise unlawful and the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id*. at 1327 (quotation omitted). The government's motion

addresses these considerations, explaining why none undermines defendant's appeal waiver here. We agree.

Defendant does not contest that his appeal falls within the scope of his appeal waiver nor does he dispute that he knowingly and voluntarily waived his appellate rights. Defendant argues that the appeal waiver should not be enforced for the following reasons:

> [He] asserted before the sentencing court that he believed something must be wrong with him since he has returned to this country, having no family or assets here. Therefore, he argued for a lower sentence, which the lower court rejected. He asserts that enforcement of the appeal waiver would result in a miscarriage of justice, and deny him the right to present his argument to this Court.

Resp. to Mot. to Enforce at 2.

This argument makes little sense and it does not address any of the four sub-factors necessary to make a showing on the miscarriage-of-justice prong. There is no showing that his sentence relied on an impermissible factor, that his counsel was ineffective, that his sentence exceeded the statutory maximum or that his appeal waiver is otherwise unlawful. When he entered into the plea agreement, defendant knowingly and voluntarily gave up his right to appeal. He has failed to demonstrate that the enforcement of the appeal waiver would result

in a miscarriage of justice. Accordingly, the motion to enforce the waiver is GRANTED and the appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM